Taliaferro, J.
The city brings this suit against the defendant, a former sheriff of the parish of Orleans, to recover from him $12,920,. alleged to be an aggregate amount of costs and sheriff’s fees paid him over and above the amount of costs and fees he was entitled by law to collect from the city in criminal cases. The answer is a general denial. There was judgment for defendant, and the plaintiff has appealed.
The defendant places his defense on the ground that, as he presented his bills to the proper city authorities month by month, they were duly certified according to law by the judge and clerk of the proper court to be correct, and that the city can not go behind the bills thus authenticated and contest any of the' items therein contained. It is. admitted by the plaintiff’s counsel that under the provisions of the statutes of 1857 the city could not go behind the certificates of judge *169 and clerk as decided by the court in the case of Parker v. Robertson, 14 An. 246, and that of Shaw v. Howell, 18 An. 195; but he seeks to show that under the provisions oi section 1042, page 471, of the Digest of 1870 a material change was made as to the manner of payment of expenses in criminal cases, and that the city may under the existing legislation inquire into the legality of the sheriff’s costs and fees charged in his bills, notwithstanding the judge’s and clerk’s certificates. He arrives at this conclusion by a process of verbal criticism on the word upon used in the statute of 1857 and the word after used in the Revised Statutes of 1870. In the former case the treasurer was required to pay the sheriff’s bills upon the certificate ot the clerk and the presiding judge ; in the latter he is required to pay them after an account thereof shall be duly certified to be correct by the clerk of the court and the presiding judge thereof.
We are unable to see the distinction contended ior. Taking the context of the two sections their purport and meaning are clearly the same, although the phraseology used is different. We conclude that the decree of the lower court is correct..
Judgment affirmed.